## FULLER *versus* KENNEY & al.

If an officer, having a writ for service, offer the summons to the defendant, who refuses to receive it, he may rightfully return that he delivered the summons, or he may return the facts specifically, and they will be held as a delivery.

*Palmer*, for plaintiff.

*Brown*, for defendant.

Baker *v.* Carleton.

WELLS, J., orally. — The objection is to the sufficiency of the service of the writ on one of the defendants, and it comes before us on exceptions to the refusal of the court below to dismiss the action for that cause. This invites the inquiry whether the return of an officer, that he offered a summons to defendant, and upon the defendant's refusal to receive it, threw it down, discloses a sufficient service. No officer can compel one to take from him a summons; all he can do is to offer it. If the law required the service of writs to be made by reading only, would it be said to be invalid, because that, when the officer begun to read, the defendant went off, or turned a deaf ear? In this case the officer might properly have made a return in the usual form, instead of stating specifically what he did. If there was any fault, it belonged to the defendant, and the loss, if any, must be his. The court below decided rightfully, and the *Exceptions are overruled.*